JOHN GRAY, RESPONDENT, *v.* AMOS HOWE AND ANN SMITH, APPELLANTS.

1. APPEAL FROM PROBATE COURT.—In a contest in the Probate Court, under what is known as the "Town Site Act," either party may appeal to the District Court from the judgment of such Probate Court.

2. APPEAL FROM PROBATE COURT—APPEAL, HOW TRIED.—On the trial of a cause appealed from the Probate to the District Court, under section 1169 of the compiled laws, known as the "Town Site Act," the latter court must try the case anew, and is not confined to the testimony taken before the Probate Court and certified up with the record, but may hear any other material testimony offered by either party.

3. APPELLANT NOT ESTOPPED BY RECORD SENT UP.—On the trial of such a cause, appealed to the District Court, the appellant is not estopped by the record of the Probate Court as certified up, but has a right to show upon what admissions of fact the cause was tried in the court below, though not disclosed by the record.

4. Pratt *v.* Young, 1 Utah, 356, referred to, and the case affirmed.

Appeal from the Third Judicial District Court.
The facts are stated in the opinion of the court.

*Z. Snow,* for appellants.

The District Court had no jurisdiction in this case, for the reasons that—

1. The right of appeal, both as to its existence and the manner of its exercise, is a creature of statute. Unless given in express terms, or by necessary implication, it does not exist. *Golding* v. *Jennings,* Hagan's R. 135; Appeal of Houghton, 42 Cal. R. 35.

2. When the appeal in this matter was taken from the Probate to the District Court, there was no valid statute authorizing it. *Golding* v. *Jennings,* Hagan's R. 135; *Perris* v. *Higley,* 19 Wall. 375; Poland Bill, § 3; Rules of the Supreme Court, 22–25.

The Rules of the Supreme Court on the subject of Appeals, were adopted as follows: Rule 22, January Term, 1875, which

took effect in thirty days after (Practice Act, § 588); and Rules 23, 24, 25, June Term, 1876, showing that no appeal was then authorized by law.

The person who, at the time the Mayor declared upon the town site, was *bona fide* in the possession of a lot, owning the improvements, is the person to whom the deed should be given. *Hussy* v. *Smith*, Hagan's R. 129; *Selby* v. *Spaulding*, 7 Mich. 193; *Hall* v. *Doran*, 6 Iowa, 433; *Cofield* v. *McClelland*, 16 Wall. 331.

But if we are wrong in this, then a purchaser on execution is protected by showing a judgment, execution, levy, sale and deed. *Cloud* v. *Eldorado Co.*, 12 Cal. R. 128.

*R. N. Baskin*, for respondent.

The question presented by appellant's counsel under the first and second heads of his brief, arose and was decided adversely to the position taken by him in this case in *Pratt* v. *Young*, Hagan's R. 357.

The proceedings against the appellee, on which the premises were sold, was void. First, because it appears from the record that default and judgment was entered on the day that the parties were required, by the recognizance, to appear. No *scire facias* was previously issued or action brought, but on the same day that judgment was rendered execution issued. The appellee never had his day in court. A *scire facias* should have first been issued. 2 Bouvier's Law Dic. and cases cited. *Pincard* v. *The State*, 2 Ill. 187, (1 Scam.); *People* v. *Witt*, 19 Ill. 171.

EMERSON, J., delivered the opinion of the court.

The parties to this controversy are claimants for land in Salt Lake City, under what is known as the "Town Site Acts." Gray claims the entire disputed premises. Amos Howe and Ann Smith each claim a separate and distinct portion of the premises claimed by Gray. The title was awarded to Gray. Howe and Smith appeal to this court.

The first point urged by the appellants raises the question of the right of appeal from the Probate Court to the District Court in this class of cases. In the case of *Pratt* v. *Young*, 1 Utah, 356, this court decided that this right of appeal existed. It is difficult to conceive how it could ever have been seriously doubted.

The act of the Territorial Legislature providing " Rules and Regulations under Town Site Acts," gives this right of appeal in express terms. C. L. § 1169. It is in no wise dependent upon the subsequent act of Congress of June 23, 1876, known as the " Poland Bill," or the rules of the court adopted under it. There was no error in denying the motion to dismiss the appeal to the District Court.

The next error complained of relates to the rejection of testimony offered on the hearing in the District Court. A witness was placed upon the stand, and his testimony was objected to and rejected upon " the ground that it did not appear by the transcript sent up to the court that the said testimony was given at the hearing in this matter in the Probate Court."

The scope of the objection is that upon an appeal to the District Court, the case must be tried upon the testimony taken in the Probate Court. We do not understand this to be the construction to be given to the statute.

Section 1169 of the Compiled Laws provides that, " upon the perfection of such appeal, the court shall cause the testimony and written proofs adduced, together with the statements of the parties and the judgment of the court, to be certified to the District Court, to be there tried anew without pleadings, except as above provided."

It would simply be a review of the proceedings in the Probate Court, and not a " trial anew," if the District Court were absolutely confinded to the testimony taken in the Probate Court. As the testimony offered was material, it was error to reject it.

The testimony mentioned in the second exception was admissible for another reason than that mentioned above. The

appellants had a right to show by testimony upon what admissions of fact the case was tried in the Probate Court, not disclosed by the transcript sent up.

The grounds upon which testimony mentioned in the third exception were rejected, are untenable, as above stated, but as the testimony itself was not material, were this the only error in the record, we should not reverse the judgment.

Another point is made upon the insufficiency of the testimony to support the findings. We think the point is well taken. The District Court found that "John Gray was in the peaceable possession of the property until 1863, when he was forcibly ousted by John D. T. McAllister, and the said McAllister conveyed the property to Thomas Ellerbeck. That the other claimants thereto claimed under said McAllister, through said Ellerbeck, and Ellerbeck or those to whom he transferred, have had continuous possession thereof since 1863, and still have said possession." All the testimony on the part of Gray, is that he was the original owner of the whole lot of which the disputed premises form a part. That he possessed and occupied the same up to March, 1863. In his declaratory statement he describes himself as being a resident of the State of Nevada.

There is no testimony to support the finding of the forcible ouster of Gray. There is no testimony from which it can be inferred even, unless it be from the recitals in the deed from McAllister to Ellerbeck. All that Gray could have then owned was a mere possessory right, which could be lost by a voluntary surrender of possession or abandonment. This deed recites a levy and sale on an execution against Gray. The judgment upon which the execution issued was unquestionably void, and this is shown by the recitals in the judgment itself. But we do not see how this can help the case of the respondent, as he has made it upon the record. It by no means follows that because there was a sale of the premises on execution that there was a forcible ouster of the party in possession at the time of the sale.

At the time the respondent filed his claim he was not only not an "occupant" of the premises, but was not an "inhabitant" of the city, nor a resident even of the Territory. It appears that the appellants were not only "inhabitants of the city," but were the "occupants" at the time of the entry.

This court held, in the case of *Pratt* v. *Young*, above referred *to*, "That occupancy at the time of the entry of the land by the trustee, presumptively gives the right to the occupant of the land, but that this presumption may be impeached and overthrown by proof."

This presumption, arising from the continued occupancy of the premises in question by the appellants, as found by the court, is not impeached or overthrown by any testimony in the case.

The title *to* the portion of the premises claimed by each of the appellants should have been awarded to each.

The judgment of the District Court is reversed, with costs.

SCHAEFFER, C. J., and BOREMAN, J., concurred.